114 F.3d 1195
 79 A.F.T.R.2d 97-2995, 97-1 USTC P 50,478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam MONET; Juliana R. Monet; Fannie Leialoha Moniz; Zzwt
Trust, and Sam Monet, Trustee of the ZZWT Trust,
Plaintiffs-Appellants,
v.
UNITED STATES of America; John Does 1-20; Doe Corporations
1-20; Doe Governmental Agencies 1-20; Mary Does 1-20; Doe
Entities 1-20; Doe Partnerships 1-10; Doe Trust 1-20; Lee
Henderson & Wong, a law corporation, a/k/a Lee, Kim & Wong;
Fannie L. Moniz Trust; Leila Moniz-Kaiwa, Trustee of the
Fannie L. Moniz Trust; Kaleimaeole Moniz, individual,
Defendants-Appellees.
 No. 96-15067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 21, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juliana Monet appeals the district court's denial of leave to amend her complaint. Sam Monet appeals its dismissal of his claims under the Native American Graves Protection and Repatriation Act, 25 U.S.C. §§ 3001-3013 ("NAGPRA"). We affirm.
 
 
 3
 Juliana Monet sought leave to amend her complaint to raise four new challenges to the U.S. government's redemption, pursuant to 28 U.S.C. § 2410, of property she purchased at a foreclosure sale. The district court held that allowing amendment would be futile because res judicata bars the new claims, and we agree. In the original foreclosure action, the Hawaii state court specifically approved the government's redemption of the property and ordered the issuance of a deed to the United States. Under Hawaii law, Monet, as the successful bidder at the foreclosure sale, became a party to the foreclosure proceedings. See Honolulu Federal Sav. and Loan Ass'n v. Pao, 668 P.2d 50, 53 n. 4 (Haw.Ct.App.1983). She was represented at the state court hearing on the motion to issue the government a deed, and she could have raised her objections to the redemption at that time. As a result, the doctrine of res judicata precludes her from asserting them in this proceeding. See Pele Defense Fund v. Paty, 837 P.2d 1247, 1261 (Haw.1992).
 
 
 4
 Sam Monet sought an order allowing him to disinter the alleged remains of his Native Hawaiian ancestors from under the house on the redeemed property. The district court properly dismissed his claims. As an initial matter, NAGPRA contain no waiver of sovereign immunity for this type of injunctive relief. Furthermore, the requested order would delay the government's attempt to collect the Fannie L. Moniz Trust's tax liability through the sale of the redeemed property. As a result, the Tax Anti-Injunction Act, 28 U.S.C. § 7421, bars this suit. Finally, even if Monet could pass these jurisdictional barriers, he has not stated a claim under NAGPRA. The ownership provision, 25 U.S.C. § 3002, applies to remains excavated or discovered after November 16, 1990. Since Monet allegedly found the remains in 1989, he cannot rely on it. The repatriation provisions only apply to federal agencies that have possession or control over human remains. Since the IRS no longer owns the property, it does not possess or control the remains within the meaning of the statute.
 
 
 5
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3